Shanique Mayes, et al. vs Contour Eastwyck, LLC  
30(b)(6) Nora Prekelezaj  

30(b)(6)  
July 23, 2021

Page 1

IN THE STATE COURT OF GWINNETT COUNTY  
STATE OF GEORGIA  

SHANIQUE MAYES, Individually  
And as Next of Kin, and  
Natural Parent on behalf of  
MCKENZIE MAYES, a minor,  
   Plaintiff,  

                      CIVIL ACTION FILE  
vs.                 NO.:20-C-04895-S2  
CONTOUR EASTWYCK, LLC,  
   Defendant.  
------------------------------

REMOTE 30(b)(6) DEPOSITION OF  
CONTOUR EASTWYCK, LLC through  
NORA PREKELEZAJ  
July 23, 2021  
11:02 a.m.  

(All attendees appeared remotely via  
Videoconferencing and/or teleconferencing.)  

Jessika Highers, CCR, CER-1118  
6016-3919-6137-8816  

Page 2

1           APPEARANCES OF COUNSEL  
2  On behalf of the Plaintiff:  
3     GARY BERNARD ANDREWS, Esquire  
     The Cochran Firm  
4     100 Peachtree Street, NW  
     Suite 2600  
5     Atlanta, Georgia 30303  
     (404) 222-9922  
6     gandrews@cochranfirmatl.com  
7  On behalf of the Defendant:  
8     DOMINKO C. RUMPH, Esquire  
     Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP  
9     Meridian II  
     275 Scientific Drive  
10    Suite 2000  
     Peachtree Corners, Georgia 30092  
11    (404) 881-2636  
     drumph@cmlawfirm.com  

Page 3

            INDEX TO EXAMINATIONS  
WITNESS:  NORA PREKELEZAJ  
EXAMINATION                         Page  
By Mr. Andrews                   5  

               INDEX TO EXHIBITS  

| Exhibit | Description | Page |
|---|---|---|
| P-1 | Notice | 16 |
| P-2 | Defendant's Responses to RFAs | 39 |
| P-3 | Defendant's Responses to the Interrogatories | 39 |
| P-4 | Defendant's Responses to RPD | 39 |
| P-5 | Defendant's First Supplement Responses to Interogs | 39 |
| P-6 | 30(b)(6) -- Verification | 39 |
| P-7 | Preservation Letter | 66 |
| P-9 | Courtesy Logs BS00198 to BS000511 | 98 |
| P-10 | BS000218 v BS000481 | 102 |
| P-10-1 | BS000219 v BS000482 | 102 |
| P-10-2 | BS000220 v BS000483 | 102 |
| P-10-3 | BS000221 v BS000484 | 102 |
| P-10-4 | BS000222 v BS000485 | 102 |
| P-10-5 | BS000223 v BS000486 | 102 |

Page 4

               INDEX TO EXHIBITS

| Exhibit | Description | Page |
|---|---|---|
| P-10-6 | BS000224 v BS000487 | 102 |
| P-10-7 | BS000225 v BS000488 | 102 |
| P-10-8 | BS000226 v BS000489 | 102 |
| P-10-9 | BS000227 v BS000490 | 102 |
| P-10-10 | BS000228 v BS000491 | 102 |
| P-11 | Police Reports | 117 |
| P-12 | Employee File K. Thurman | 76 |
| P-13 | Employee File R. Eskridge | 76 |
| P-14 | Separation Notice G. Witt | 76 |
| P-15 | Employee File B. Payne | 76 |
| P-16 | Employee File M. Rhodes | 76 |
| P-17 | Employee File D. Pauleon | 76 |
| P-18 | Plaintiff's Brief for MTC | 128 |
| P-19 | Defendant's Response to MTC | 128 |
| P-20 | Defendant's Response to MTC, email | 128 |
| P-21 | Order | 128 |
| P-22 | Defendant Emails | 128 |
| P-23 | Defendant's Response to Motion to Compel | 128 |
| P-24 | Employee List | 33 |

(Original Exhibits Retained by Counsel Andrews.)

Shanique Mayes, et al. vs Contour Eastwyck, LLC
30(b)(6) Nora Prekelezaj

30(b)(6)
July 23, 2021

Page 121

1  documents, in your Discovery, your -- your RPD
2  responses. That was inaccurate; is that fair to say?
3      A.   That is correct.
4      Q.   Because there are emails to be produced to the
5  Plaintiffs; correct?
6      A.   Correct.
7      Q.   And how -- when can the Plaintiff -- scratch
8  that. Let's -- let's talk about the emails, and -- and
9  -- and regarding the emails that -- we -- we saw on the
10 Plaintiff's Exhibit 7, which was the verification -- not
11 verification -- preservation letter, that the domain
12 contoureastwyck.com was your extension; correct?
13              [OFF THE RECORD INTERRUPTION]
14 BY MR. ANDREWS:
15     Q.   Contoureastwyck.com was the email domain
16 extension; correct?
17     A.   No, that is incorrect.
18     Q.   What was -- what -- what -- what was the email
19 address for your -- for your employees?
20     A.   It was contourcompanies.com.
21     Q.   You're correct, and I apologize. Contour --
22 and who -- we know from -- from past testimony -- and
23 I'm going to go through that -- you have a Manager,
24 Leasing Agent, Maintenance, and a Courtesy Officer. Who
25 -- who had email addresses for Contour Companies?

Page 122

1      A.   The property managers did.
2      Q.   Okay. What about leasing managers -- Leasing
3  Agents? Excuse me.
4      A.   Typically, they did not, no.
5      Q.   Maintenance?
6      A.   No, they did not.
7      Q.   And if a -- did -- did -- did the Eastwyck
8  Village Apartment have an email mailbox that tenants
9  could mail things to?
10     A.   There was a Gmail account, and --
11     Q.   Okay.
12     A.   -- that was inherited from the previous
13 ownership --
14     Q.   Yes, ma'am.
15     A.   -- but, I'm not aware as to what extent that
16 email was actually used.
17     Q.   Who -- who searched that email account for --
18 in preparation to get you ready for today's deposition?
19     A.   I do not believe it was searched.
20     Q.   Any particular reason why it was not searched?
21     A.   No. I -- I don't -- I don't know why it was
22 not searched.
23     Q.   So, can you say that you're fully prepared to
24 discuss this, if -- if -- if we haven't taken the steps
25 to see what emails are out there?

Page 123

1      A.   I'm as prepared as I can be.
2      Q.   But we haven't searched for emails, Ms. Nora.
3          MR. RUMPH: Specifically which emails?
4          MR. ANDREWS: Correspondence, criminal
5  activity, things going on at the property.
6          THE WITNESS: So, anything -- any -- any --
7  correspondence between who?
8  BY MR. ANDREWS:
9      Q.   Tenants to property managers -- you -- you --
10 you stated or -- in your prior testimony, you sent the
11 email asking about the employee files; correct?
12     A.   Yeah. Yes.
13     Q.   So, any correspondence regarding to matters
14 pertaining to this case.
15     A.   Okay. So, tenants and property managers
16 wouldn't correspond through email. Any correspondence
17 between staff like myself or any of the property
18 managers -- I -- I guess, I was not aware that that had
19 to be produced in regards to this case, requesting
20 documents and -- and such.
21     Q.   But you -- can you produce those documents
22 now?
23     A.   Sure. Sure, we can.
24         MR. RUMPH: Which -- which documents are we
25 talking about, specifically? Let's -- let's get --

Page 124

1          MR. ANDREWS: Just -- just any -- I -- I -- we
2  don't have a single email. So, any outstanding
3  emails that are out there.
4          MR. RUMPH: So, when you say "emails,' email,
5  specifically, regarding what?
6          MR. ANDREWS: Correspondence. We -- we can
7  discuss this --
8          MR. RUMPH: And we -- we can talk about this
9  off -- off the record, after this.
10         MR. ANDREWS: Yes. Yes.
11 BY MR. ANDREWS:
12     Q.   If we go to -- if -- if -- if we -- if we go
13 to RPD number 24. I know this discussed -- our -- our -
14 - our RPD asked that you produce all documents,
15 pleadings, exhibits filed regarding negligence or a
16 security case. We know that the Fraizer case is pending
17 in Federal Court; correct?
18     A.   That is correct.
19     Q.   And your Response was, after the Objection,
20 "Defendant is not in possession of documents that are in
21 response to this request." Do you see that?
22     A.   I do.
23     Q.   Did you produce documents in the Fraizer case?
24 Did Contour Eastwyck -- not you. I apologize. Did
25 Contour Eastwyck produce documents in the Fraizer case?