## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **Mildred Collins-Williams as administrator of the estate of Tijuana Frazier and as guardian and next friend of Quanisha Holt, a minor, and Pebbles McClain as guardian and next friend of Julian Frazier and Isaiah Frazier,**<br><br>Plaintiffs,<br><br>v.<br><br>**Contour Eastwyck LLC,**<br><br>Defendant. | Case No.  1:20-CV-03129-CAP<br><br><br><br><br>**Plaintiffs' Motion to Rescind Partial Settlement Agreement with Brief in Support** |

Plaintiffs respectfully ask this Court to rescind the partial settlement agreement for Defendant's primary insurance coverage, because of fraud by Defendant and its counsel.

**1.  Facts: Defendant's insurance coverage and the proposed partial settlement.**

Defendant has two layers of insurance. The first layer is with Colony Insurance and is for $1,000,000. The second layer is with Nautilus and is for $5,000,000. Plaintiff sent a pre-suit demand and Colony offered its $1,000,000; Nautilus offered nothing. Plaintiff did not accept Colony's tender at that time, because of 3 reasons:

1.  Plaintiffs believed the jury will award much more than $1,000,000 (and still do).

2. Plaintiffs wanted to conduct discovery and learn more information, which would enable them to make a more informed decision about whether they should accept Colony's $1,000,000. Whether to accept the $1,000,000 was an important decision, because doing so would have meant Plaintiffs would be capped at Nautilus' $5,000,000. In other words, if Plaintiffs accepted the Colony's $1,000,000, then at most, Plaintiffs could only recover Nautilus's $5,000,000 and Defendant would face no personal exposure.

Fast forward to February 2021, and this lawsuit was pending and discovery was set to expire. At that time, Plaintiff had no idea that Defendant and its counsel were hiding witnesses, that Defendant had wrongfully not produced and destroyed documents and its counsel was keeping that information secret, that Defendant was offering false testimony, and the laundry list of other misdeeds that have since come to light and were addressed by the Court in its Order on Plaintiff's Motions for Sanctions [Doc. No. 220]. Rather, Plaintiff believed, at that time, that Defendant had faithfully conducted discovery and fairly exchanged information and documents. Based on an evaluation of the case based upon what Plaintiffs knew then, Plaintiffs agreed to accept Colony's $1,000,000 tender. To be clear, Plaintiffs would not have accepted Colony's tender if they had known about the discovery abuses Defendant and its counsel were actively and secretly committing at that time.

After accepting the settlement, Plaintiffs expended considerable time and effort completing the tasks necessary to offer the settlement for Court approval. Plaintiffs then submitted the settlement for approval [Doc. No. 164] and the Court responded on September 21, 2021 with certain questions and

concerns it had. [Doc. No. 172]. Ultimately, on November 9, 2021, the Court did not approve the partial settlement. [Doc. No. 178]. It was around this time period that Plaintiffs uncovered the full extent of Defendant's fraud and misconduct, and as a result, Plaintiffs paused their attempts to obtain Court approval of the partial settlement.

Now, Plaintiffs submit to this Court that the prior partial settlement agreement must be rescinded because of the fraud conclusively established in this Court's December 15th Order [Doc. No. 220]. As the partial settlement was not approved by this Court, there are no funds for Plaintiffs to return to Defendant and no release has been signed. Allowing Defendant, based upon an unapproved partial settlement agreed to by Plaintiffs while pervasive fraud and misconduct was still unknown to Plaintiffs, to escape any personal liability to Plaintiffs would be unconscionable.

**2.   Law.**

Settlement agreements are enforced and construed by a state's general contract law. *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985). Pursuant to O.C.G.A. §13-4-60, Plaintiffs may rescind a settlement agreement for fraud. So long as they act "promptly." Where a settlement agreement is fraudulently procured a party can either "(1) rescind the contract, thereby restoring to defendants the benefits they received as a result of the settlement, and sue in tort for damages resulting from the alleged fraud or (2) affirm the contract, thereby retaining the benefits received under the contract, and sue for damages." *Kobatake v. E.I. DuPont De Nemours and Co.,* 162 F.3d 619, 626 (11th Cir. 1998). In order to rescind a settlement agreement for fraud, the defrauded party must promptly tender back benefits received to make that agreement

voidable. *Id.* Further, to justify recission for fraud, the party must prove all the elements of fraud. *Champion Windows of Chattanooga, LLC v. Edwards*, 756 S.E.2d 314 (Ga. Ct. App. 2014).

### 3.   Argument

Plaintiffs are able to satisfy all elements required to rescind the settlement agreement with Colony Insurance. First, Plaintiffs have timely acted to rescind the settlement agreement upon learning of Defendant's fraud, as the Court's Order granting Plaintiff's Second Motion for Sanctions was only entered on December 15, 2022. The partial settlement was not approved by the Court, therefore there has been no payment to Plaintiffs nor has any release been signed. As a result, the parties are already in the same position they were prior to the partial settlement. There are no funds for Plaintiff to return in order to restore the status quo.

Defendant's fraud has been well-documented in the Court's Order and summarized on page 354:

> It is absolutely indisputable that the defendant would not have been able to accomplish the degree of fraud on the court and the plaintiffs that the defendant's discovery represents without the defense counsels' assistance. From their shocking lack of vigilance in discovery to making arguments wholly devoid of legal or factual merit, the defense counsel have enabled their client's missteps to mushroom from containable error to the irredeemable matter that is currently before the court. The speculation, presentation of facts out-of-context, wordplay, and half-truths that saturated the defendant's briefs and discovery responses could not have been accomplished without the aid of counsel, who must have understood that their behavior crossed a line. And the line they crossed wasn't thin: the

> defense counsel unquestionably elevated the interest of their client
> over the integrity of the justice system in a manner explicitly decried
> by the Eleventh Circuit.

[Doc. No. 220 at 356]. At the time that Plaintiffs agreed to accept Colony's tender, the fraudulent conduct of Defendant and its counsel was wholly unknown by Plaintiffs. Defendant was knowingly making blatant misrepresentations to Plaintiffs which Plaintiffs relied upon in evaluating their case and choosing to enter into the partial settlement agreement. Plaintiffs have suffered significant damage as a result of those misrepresentations, again as fully detailed in this Court's Order. If the partial settlement agreement is not rescinded, Defendant and its officers and agents can potentially escape any personal liability for their misconduct and misrepresentations throughout this lawsuit, which is an utterly unconscionable result given that Defendant's conduct "so soiled and spoiled the facts that adjudication on the merits is impossible." [Doc. No. 220, at 366].

4.   **Conclusion**

Recission of the agreement for Colony's $1,000,000 policy limits is the appropriate and just remedy and will ensure that the Defendant does not profit and benefit from its misconduct by allowing Plaintiffs to continue holding Defendant personally liable for the tragic death of Ms. Frazier. Plaintiffs respectfully request that the Court enter an Order granting Plaintiffs' Motion, thereby rescinding the prior partial settlement agreement with Defendant's primary insurer.

Respectfully submitted on January 17, 2023, by:

|  | /s/ Alex J. Brown |
| **Rafi Law Firm LLC** | Michael T. Rafi |
| 1776 Peachtree Street NW | Georgia Bar No. 127670 |
| Suite 423-South | Alexander J. Brown |
| Atlanta, GA 30309 | Georgia Bar No. 532112 |
| 404-800-9933 | |
| 470-344-3425 fax | |
| mike@rafilawfirm.com | |
| brown@rafilawfirm.com | **Attorneys for Plaintiff** |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **Mildred Collins-Williams as administrator of the estate of Tijuana Frazier and as guardian and next friend of Quanisha Holt, a minor, and Pebbles McClain as guardian and next friend of Julian Frazier and Isaiah Frazier,**<br><br>Plaintiffs,<br><br>v.<br><br>**Contour Eastwyck LLC,**<br><br>Defendant. | Case No.  1:20-CV-03129-CAP<br><br><br><br>**Certificate of Service and Certificate of Compliance with LR 5.1.** |

This is to certify that I have this day served the foregoing with the Clerk of Court and upon all counsel of record using the CM/ECF system which will automatically send email notification of such filing to the following:

Frederick N. Sager, Jr.
John M. Hawkins
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Rd., Suite 2400
Atlanta, Georgia 30326
*Attorneys for Contour Eastwyck, LLC*

This is to further certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1. It is prepared in Book Antiqua 13-point font.

Submitted on January 17, 2023, by:

**Rafi Law Firm LLC**
1776 Peachtree Street NW
Suite 423-South
Atlanta, GA 30309
404-800-9933
470-344-3425 fax
mike@rafilawfirm.com
brown@rafilawfirm.com

*/s/ Alex J. Brown*
Michael T. Rafi
Georgia Bar No. 127670
Alexander J. Brown
Georgia Bar No. 532112

**Attorneys for Plaintiff**