UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MILDRED COLLINS-WILLIAMS as administrator of the estate of Tijuana Frazier and guardian and next friend of Quanisha Holt, a minor, and PEBBLES MCCLAIN as guardian and next friend of Julian Frazier and Isaiah Frazier, minors,<br><br>        Plaintiffs,<br><br>    v.<br><br>CONTOUR EASTWYCK LLC,<br><br>        Defendant. | CIVIL ACTION NO.<br><br>1:20-CV-3129-CAP |

**O R D E R**

This matter is before the court on Matthew G. Moffett and Chris Perniciaro's ("former defense counsel" or "former counsel") motion to intervene [Doc. No. 226] and motion for reconsideration and motion to file evidence under seal [Doc. No. 228].

**I.   Brief Overview of Motions**

Mr. Moffett and Mr. Perniciaro served as counsel for defendant Contour Eastwyck LLC in this matter until January 4, 2023. *See* Certification of Consent to Substitution of Counsel [Doc. No. 225]. On December 15, 2022, this

court sanctioned Mr. Moffett and Mr. Perniciaro for misconduct in this matter and held them, along with Contour Eastwyck, jointly and severally liable for the plaintiffs' attorneys' fees tied to discovery violations. *See* Dec. 15, 2022 Order at 363 – 365 [Doc. No. 220]. Mr. Moffett and Mr. Perniciaro, now represented by counsel themselves, have filed a motion to intervene in this matter "for the limited purpose of presenting a motion for reconsideration of the Order granting Plaintiffs' Motions for Sanctions . . . and for leave to file evidence in support of this motion under seal." Mem. in Supp. of Mot. to Intervene at 1 [Doc. No. 226-1]. Along with their motion to intervene, they have also filed the contemplated motion for reconsideration and motion for leave to file evidence under seal [Doc. No. 228].

## II.   Motion to Intervene

Mr. Moffett and Mr. Perniciaro argue that they should be allowed to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a)(2) or 24(b)(1) for the purpose of protecting their own interests. Mem. in Supp. of Mot. to Intervene at 2 [Doc. No. 226-1]. They contend that the court "made very serious and critical conclusions about [their] handling of the matter, many of which relate to their communications with their client." *Id*. Therefore, they are asking the court to allow them to intervene to present facts that were not presented earlier because of attorney-client privilege considerations. *Id*.

2

The court GRANTS the former defense counsel's motion to intervene [Doc. No. 226]. Federal Rule of Civil Procedure 24(a)(2) states:

> On timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Eleventh Circuit has held that a district court must allow a party to intervene as a matter of right if the party establishes:

> (1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests.

*Federal Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993) (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)). In addition, even if a party is not entitled to intervene as a matter of right, the court may still allow that party to intervene if "[o]n timely motion, the court [determines the party] has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

In this case, Mr. Moffett and Mr. Perniciaro have made a timely application to intervene to ask the court to reconsider the order sanctioning

3

them personally. However, "when a court imposes a sanction on an attorney, it is not adjudicating the legal rights of the parties appearing before it in the underlying case. Instead, the court is exercising its inherent power to regulate the proceedings before it." *Nisus Corp. v. Perma-Chink Sys.*, 497 F.3d 1316, 1319 (Fed. Cir. 2007) (citing *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764-66 (1980); *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450 (1911)). Thus, it is not clear to the court that the former defense counsels' interests in this matter "relat[es] to the property or transaction which is the subject of the action." *See Federal Sav. & Loan Ins. Corp.*, 983 F.2d at 215 (citation omitted). Rather than undertaking a comprehensive analysis of this distinction, the court will simply permit intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B) as the former defense counsel clearly share "a common question of law or fact" with the main action. Accordingly, the court GRANTS the former defense counsel's motion to intervene for purposes of reconsideration. In addition, although not requested, the court further GRANTS the former defense counsel permission to intervene for purposes of considering and/or contesting the reasonableness of the plaintiffs' attorney fees.

### III. Motion for Reconsideration

In their motion for reconsideration [Doc. No. 228], the former counsel "ask the Court to reconsider the Order and specifically to consider facts that

were not presented earlier because of attorney-client privilege considerations." Mem. in Supp. of Mot. for Recons. at 2 [Doc. No. 228-1]. The former counsel assert that they now have interests different from their former clients and seek to introduce limited privileged email communications, as well as a declaration from Mr. Perniciaro, that will demonstrate their good faith efforts to comply with discovery. *Id.* at 2, 4 – 5. The former counsel propose that they will first share the documents and declaration with their former client, the defendant in this action. *Id.* at 5. If the defendant does not object, the former counsel propose that they will submit the documents and declaration to the court under seal. *Id.* If the defendant does object, the former counsel propose submitting the objections to the court for consideration before filing the privileged documents. *Id.* The former counsel finally assert that if the court determines that it will consider the new evidence after *in camera* review, then such evidence should be disclosed to the plaintiffs and the court can provide direction for any further briefing. *Id.* at 5 – 6.

Motions for reconsideration under Local Rule 7.2E "shall not be filed as a matter of routine practice," but only when "absolutely necessary." LR. 7.2E NDGa.; *Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). Reconsideration is "absolutely necessary" only when there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to

5

correct a clear error of law or fact. *Jersawitz v. People TV*, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999); *Paper Recycling, Inc. v. Amoco Oil Co.*, 856 F. Supp. 671, 678 (N.D. Ga. 1993). "Where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays v. United States Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).

In light of the explicit and unambiguous Eleventh Circuit direction prohibiting the court from considering previously available but unsubmitted evidence on a motion to reconsider, the former counsel's motion for reconsideration is DENIED. The former defense counsel argue that they did not present the evidence at issue because of attorney-client privilege considerations; however, those considerations did not evaporate simply because former counsel withdrew from representation. *See* 2 Federal Evidence Practice Guide § 10.07 ("The attorney-client privilege lasts forever and survives the termination of the attorney-client relationship."); *see also Spence v. Hamm*, 487 S.E.2d 9, 11 (Ga. Ct. App. 1997) ("The privilege belongs to the client and continues even after the client's death.").[1] Indeed, the former

---

[1] "[S]tate law governs claims of attorney-client privilege." *Smith v. Mt.*, No. 08-80820-Civ, 2009 U.S. Dist. LEXIS 150909, at *9 (S.D. Fla. Nov. 9, 2009) (citation omitted).

counsel's brief recognizes this principle and addresses situations in which the privilege can be breached. *See* Mem. in Supp. of Mot. for Recons. and to File Evidence Under Seal at 3 – 4 [Doc. No. 228-1]. Essentially, the defense counsel asserts that now that they have been sanctioned along with their client, they are in a position of adversity that justifies waiving the privilege. *Id.* at 3.

Unfortunately, the former defense counsels' arguments do not support their position. In their brief, they assert that the attorney-client privilege can be breached when attorneys "have been charged with wrongdoing," "when sued," "when facing disciplinary hearings for alleged violations of the rules of professional conduct," to respond to Rule 26 allegations, and "to respond to allegations in any proceeding concerning the lawyer's representation of the client." *Id.* at 3 – 4. If these arguments were before the court in response to the plaintiffs' motions for sanctions, they might be viable and grounds for the *in camera* inspection the former counsel proposes. However, that window has closed, and these arguments are now before the court not on *allegations* of wrongdoing but on the court's *findings* of wrongdoing. The former counsel were on clear notice of the allegations against them and were given an adequate opportunity to respond, both in briefs and at the hearing on this matter. The court expended an enormous amount of resources to ensure that it fairly considered all evidence before it in response to those allegations, and, in so doing, it did not take lightly the charges against the former defense counsel. If

the court were to now consider evidence that the former defense counsel could have—but did not—put before the court in the face of those allegations, it would essentially signal (both in this case and in future litigation) that all determinations regarding alleged attorney wrongdoings are mere placeholders that are not dealt with in earnest until after sanctions are levied. Such a practice is inconsistent with Eleventh Circuit guidance and incongruent with the "just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1.

Because the evidence former defense counsel seeks to put before the court was as equally available during the pendency of the proceeding as it is now, the court will not further delay this matter by enabling the former defense counsel to present it at this juncture. The former defense counsel "knew what the sanctions [motions] were about and knew what evidence could provide the best defense on [their] behalf." *See Bernstein v. Boies, Schiller & Flexner LLP*, 236 F.App'x 564, 571 (11th Cir. 2007). Instead of timely presenting it or *at any meaningful point in time* prioritizing their role as officers of the court over their role as commissioned advocates, the former defense counsel chose to cast their lot with their clients and now must pursue any further disputes with the party with which they consorted. The court will not allow further delay of the case-in-chief with arguments of this nature.

## IV. Conclusion

For the reasons set forth herein, the court GRANTS the former defense counsels' motion to intervene [Doc. No. 226] but DENIES their motion for reconsideration [Doc. No. 228]. Because the court DENIES the former defense counsel's motion for reconsideration, it also DENIES AS MOOT the former defense counsel's motion to file evidence under seal [Doc. No. 228]. Although the former defense counsel requested to intervene for the limited purposes of reconsideration, the court will also allow them—without further motion—to intervene to consider and, if merited, contest the reasonableness of the attorneys' fees for which they are jointly and severally liable.[2]

SO ORDERED, this 19th day of January, 2023.

    /s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge

---

[2] This is not a signal to the defendant or the former defense counsel that such a challenge is merited or encouraged. Instead, the parties should interpret it as an effort to eliminate unnecessary motions' practice in this already protracted matter.