UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MILDRED COLLINS-WILLIAMS as administrator of the estate of Tijuana Frazier and guardian and next friend of Quanisha Holt, a minor, and PEBBLES MCCLAIN as guardian and next friend of Julian Frazier and Isaiah Frazier, minors,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONTOUR EASTWYCK LLC,<br><br>    Defendant. | CIVIL ACTION NO.<br><br>1:20-CV-3129-CAP |

**O R D E R**

This matter is before the court on the plaintiffs' motion to rescind the partial settlement agreement they made with Colony Insurance ("Colony"), defendant Contour Eastwyck's primary insurer [Doc. No. 233].

I.    **Overview of the Motion to Rescind**

The plaintiffs explain that Colony offered $1,000,000, which the plaintiffs previously identified as the Colony policy limits [Doc. No. 164 at 3], in response to their pre-suit demand letter. *Id.* at 1. The plaintiffs claim they

did not initially accept this offer because (1) they believed a jury would award an amount greater than $1,000,000; and (2) they wanted to conduct discovery. *Id.* at 1 – 2. They explain that they elected to accept the $1,000,000 in February 2021 but would not have done so if they had known about the discovery abuses that the defendant and its counsel were actively committing at the time. *Id.* at 2.

The plaintiffs filed a motion for the court to approve the partial settlement agreement on August 17, 2021 [Doc. No. 164]. After the plaintiffs responded [Doc. No. 172] to some of the court's concerns with the proposed partial settlement [Doc. No. 172], the court denied the approval of the partial settlement as presented [Doc. No. 178] on November 9, 2021. The plaintiffs argue that it "was around this time period" that they "uncovered the full extent of Defendant's fraud and misconduct." *Id.* at 3. As a result, they claim they paused their attempts to obtain court approval of the partial settlement.

The plaintiffs now argue that enforcement of the partial settlement agreement will prevent them from recovering from the defendant personally and will cap their additional recovery at the $5,000,000 policy limit of the

2

defendant's umbrella insurer, Nautilus.[1] They contend that allowing the defendant "based on an unapproved partial settlement agreed to by Plaintiffs while pervasive fraud and misconduct were still unknown to Plaintiffs, to escape any personal liability to Plaintiffs would be unconscionable." *Id.* at 3.

## II. Legal Standard and Analysis

"The construction and enforcement of settlement agreements are governed by principles of the state's general contracts law." *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985) (citing *Blum v. Morgan Guaranty Trust Co.*,

---

[1] Although the plaintiffs do not elaborate on this in their motion to rescind, a previously filed copy of the Limited Liability Release that is part of their partial settlement with Colony states that the plaintiffs agree to:

> Acquit, remise, release, and forever discharge CONTOUR EASTWYCK, LLC and their respective administrators, successors, assigns, employees, agents, officers, directors, and representatives . . . , except to the extent other insurance coverage is available which covers the claim or claims of the Undersigned against the Limited Releasee, from any and all claims, demands, rights, and causes of action of whatsoever kind and nature, specifically included but not limited to, all known and unknown bodily and personal injuries of the Undersigned, disability, pain and suffering, all damage to the Undersigned's property, lost earnings, wrongful death, loss of services and consortium, all hospital bills, doctor bills, drug bills, and other medical expenses that belong to the Undersigned or which may hereafter accrue to the Undersigned, on account of or resulting from the accident, casualty or event which occurred on or about April 6, 2019 at the Eastwyck Village Apartments in Decatur, DeKalb County, Georgia.

Limited Liability Release at 1 – 2 [Doc. No. 164-2].

706 F.2d 1463,1467 (11th Cir. 1983)). In support of their motion, the plaintiffs point the court to O.C.G.A. §13-4-60, which states:

> Rescission for fraud.
>
> A contract may be rescinded at the instance of the party defrauded; but, in order to rescind, the defrauded party must promptly, upon discovery of the fraud, restore or offer to restore to the other party whatever he has received by virtue of the contract if it is of any value.

The plaintiffs contend that they "timely acted to rescind the settlement agreement upon learning of Defendant's fraud, as the Court's Order granting Plaintiff's Second Motion for Sanctions was only entered on December 15, 2022." *Id.* at 4. They further argue that because the court did not approve the partial settlement, they are in the same position they were in prior to the partial settlement because they have not received a payment nor signed a release. *Id.* They argue that they agreed to accept the partial settlement at a time when the fraudulent behavior set forth in this court's December 15, 2022 order was "wholly unknown" to them and that they relied on the defendant's blatant misrepresentations when evaluating this case and choosing to enter into the agreement. *Id.*

The plaintiff's motion to rescind the partial settlement agreement is DENIED. Georgia law is clear that "[i]t is incumbent upon a party who attempts to rescind a contract for fraud to repudiate it promptly on discovery

4

of the fraud." *Flair Fashions v. Sw. Cr. Eisenhower Drive*, 427 S.E.2d 56, 57 (Ga. Ct. App. 1993) (citations omitted). "If he does not, he will be held to have waived any objection, and to be conclusively bound by the contract as if no fraud or mistake had occurred." *Id.* (citations and punctuation omitted). While "the question as to what is a reasonable or proper time within which to rescind a contract depends upon the facts of the particular case and is *ordinarily* a question for the jury," where "no sufficient reason or excuse [is] set up to explain or account for the long delay" in attempting to rescind a contract, the Georgia courts have been willing to find that rescission was not timely as a matter of law. *Id.* (citing *Neely v. Oliver Farm Equip. Sales Co.*, 182 SE 630) (Ga Ct. App. 1935).

In this case, the plaintiffs have set forth no reason why they waited over a year to attempt to rescind the settlement agreement after they "uncovered"—by their own language—the "full extent of the defendant's fraud and misconduct." *See* Pls.' Mot. to Rescind at 3 [Doc. No. 233]. In fact, a week after they filed their first motion for sanctions [Doc. No. 160] addressing a large portion of the conduct on which they now base their motion for rescission, the plaintiffs filed a motion asking the court to *approve* the partial settlement [Doc. No. 164]. Although the plaintiffs, somewhat bewilderingly, argue that they *learned of* the defendant's fraud from the court's December 15, 2022 order, they

5

forget that *they called* the fraudulent behavior to the court's attention through their two motions for sanctions. Thus, the court can find no meritorious justification whatsoever for delaying an attempt to rescind the partial settlement agreement until January 2023.

For the reasons set forth herein, the plaintiffs' motion is DENIED [Doc. No. 233].

SO ORDERED, this 19th day of January, 2023.

  /s? Charles A. Pannell, Jr.  
CHARLES A. PANNELL, JR.  
United States District Judge