IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Mildred Collins-Williams as administrator of the estate of Tijuana Frazier and as guardian and next friend of Quanisha Holt, a minor, and Pebbles McClain as guardian and next friend of Julian Frazier and Isaiah Frazier,**<br><br>Plaintiffs,<br><br>v.<br><br>**Contour Eastwyck LLC,**<br><br>Defendant. | Case No.<br>1:20-CV-03129-CAP<br><br><br><br><br><br>**Plaintiffs' Amended Motion for Approval of Partial Settlement as to Minors Julian and Isaiah Frazier** |

Plaintiffs seek approval of the partial $1,000,000 settlement as to Julian and Isaiah Frazier, both minors.

As explained in Plaintiffs' Supplemental Response to Court Order of June 14, 2023 [Doc. No. 304], Plaintiff Pebbles McClain has taken all necessary steps to become the legal guardian of the "General Guardian" of both minor children. As recommended by a Guardian ad Litem appointed by the Wake Court Probate Court and accepted by the Probate Court, Ms. McClain is responsible for the financial matters and their persons. Ms. McClain must place all settlement funds in a restricted account for each

-1-

minor child at an approved financial institution, report receipt of funds to the Probate Court, and receive approval from the Probate Court to use the funds. To date, Ms. McClain has complied with all requirements placed upon a General Guardian, including filing Annual Accountings in 2021, 2022, and 2023. Ms. McClain has been assisted in the Probate Matters by Stephen A. Brown, Esq. of Young Moore Law in Raleigh, North Carolina, and she will continue to seek his expertise as needed in the future to ensure compliance with all applicable regulations.

Plaintiffs seek permission to disburse the amounts below to a restricted account for the sole benefit of the minor children, as per North Carolina law:

1. Each minor child is entitled to a gross amount of $333,333.33.
2. The total case expenses to date are $166,096.34, and each minor child is responsible for $55,365.45, which is 1/3 of that amount.[1] An updated itemization of total costs is attached hereto as Exhibit 1.

---

[1] Litigation expenses have drastically increased because Nautilus' meritless declaratory judgment action filed. On August 22, 2023, Nautilus filed a motion to dismiss the declaratory action, which would render all the work and expenses incurred associated with that case a waste. These Plaintiffs, who are defendants in the declaratory judgment action, have asked the Court to deny Nautilus' motion, or in the alternative, conditional dismissal

3. Each minor child is responsible for $150,000.00 for attorneys' fees.

4. Therefore, the total sum to be deposited into each minor's restricted account should be $127,967.88.

Plaintiffs are aware the Court had questions concerning Plaintiffs' initial Motion to Approve the Partial Settlement. Plaintiffs respond as follows[2]:

Questions 1-2 do not apply to these minor children.

Question 3 asked: Have the guardians filed any reports or accounting to the respective appointing courts of assets, expenses, or other matters required by those courts? List and attach.

*Answer*: Ms. McClain has filed 3 Annual Accountings and they are

---

on Nautilus paying Plaintiffs' attorneys' fees and expenses incurred in that case. Plaintiffs' counsel has advanced costs related to the underlying case and the declaratory judgment action, but the minor children are ultimately responsible for the costs. Further, the costs related to the declaratory judgment action arose specifically from the misconduct by Defendant and their former counsel (in fact, Nautilus' argument is that there is no coverage *specifically because of misconduct that gave rise to the Sanctions Order*). Therefore, if the Court does not order Nautilus to reimburse these Plaintiffs their costs in the declaratory judgment action, Plaintiffs believe Contour and their former counsel should bear the costs, since their misconduct gave rise to the declaratory judgment action and the related costs incurred by Plaintiffs.

[2] Plaintiff initially answered the Court's questions in Doc 174.

attached as Exhibit 2.

Question 4 asked: Have agencies such as Family and Children Services or Juvenile Courts in either state had matters investigated or orders entered? If so, give details.

*Answer*: Plaintiffs are not aware of any investigations by State agencies or Juvenile Courts. As explained above and in Plaintiffs' Supplemental Response to Court Order of June 14, 2023 [Doc. No. 304], the Probate Court of Wake County appointed a Guardian ad Litem who interviewed Ms. McClain and her husband at their home. At a hearing, the Guardian ad Litem testified and recommended that Ms. McClain be appointed General Guardian and the Probate Court agreed.

Question 5 asked: What is the status of the natural fathers of the children? Has any child support been paid or collected by any state agency as to those individuals? Explain.

*Answer*: Response: As it relates to the minor children, their father is unknown and thus no child support has been paid.

Question 6 asked: Prior to Pebbles McClain being appointed guardian of Julian Frazier and Isaiah Frazier on 03/10/2020, what legal authority did she have to care for the children, enroll them in school, provide medical care, etc.? Other than the natural mother, the deceased,

has any other person or government agency taken custody or exercised guardianship duties for these children? If so, who and what Is their present address?

*Answer*: Pebbles McClain has been in physical custody of the children and has exercised decision-making authority for them since shortly after their birth based upon agreement amongst Tijuana Lakisha Frazier and her family. After Ms. Frazier's death, Pebbles McClain obtained formal legal custody of the children and has become their General Guardian, as approved by the Probate Court.

Question 7 asked about the trust Plaintiffs' proposed. This concern should be moot now that Ms. McClain plans to deposit the funds into restricted account for each minor child at an approved financial institution.

Question 8 asked: Are the children receiving any type of death benefit or payments from any source such as social security? List. Answer: the minor children receive a death benefit from social security.

Question 9 asked: What governmental social programs are the children and guardians enrolled in that provide money or support for the children? List.

*Answer*: Julian Frazier receives SSI.

Question 10 asked: In the settlement, $142,722.59 will be paid to and for the benefit of each child, respectively. $450,000.00 (45% contingency fee) will be paid to the plaintiffs' attorneys. $46,832.25 will be paid to the plaintiffs' attorneys for the expenses of litigation incurred so far. $75,000.00 will be placed in some type of escrow for future expenses of litigation.

   a. The 45% contingency fee seems high. What justification is there for that percentage?

   b. Is the contingency fee going forward with the case 45%? If future expenses of litigation are going to be covered by the escrow account, how can a 45% contingency fee be justified going forward?

   c. How was the amount of $75,000.00 for future expenses estimated?

   d. An Expense Report for Tijuana Lakisha Frazier was filed [Doc. No. 164-5] showing a total of $46,832.25 for expenses through 8/16/2021. The court assumes this filing represents all expenses for the litigation on behalf of all the plaintiffs. Is this assumption correct?

i. Payments to SunTrust appear multiple times on a monthly basis, seemingly increasing each month? What is this expense?

ii. Please explain the following expenses:
1. 7/26/2019, $3,500, Brannon Napier, retainer for Keisha Frazier estate;
2. 1/3/2020, $5.32 DKPD, ORR for additional shooting;
3. 7/23/2021, $280.82 DeKalb Co., ORR to DA;
4. 6/29/2020, $268.54, Odyssey, initial filing;
5. 2/15/21, $4,631.25, Paul Kastes, Balance owed for Frazier Review; and
6. 8/5/21, $3,981.25, Paul Kastes, Expert conf. call, file review, and report.

*Answers*:

a. The 45% contingency fee is standard in litigated negligent security matters such as this one. Rafi Law Firm is one of the few firms in the State of Georgia that specialize in negligent security cases. In the past 6 years, Rafi Law Firm has helped clients recover more than $60 million in

negligent security cases, including multi-million-dollar verdicts and settlements across Georgia.

The risk associated with negligent security cases is extremely high because of how difficult it is to prove foreseeability, that reasonable security measures could have prevented the injury, and apportionment. Further, the time and labor required to prosecute a negligent security case such as this one, the novelty and difficulty of the questions involved, and the skill required to properly handle the case justify the 45% contingency fee. (Georgia Rules of Professional Conduct, Rule 1.5).

Taking on a negligent security case requires a significant investment of attorney time, often times from multiple attorneys, which effects counsel's ability to take on other work. (*Id.*). The fee charged is customary in the Atlanta area for similar legal services. The experience, reputation, and ability of the lawyers handling the case, the result obtained, the satisfaction of the Plaintiffs, and the significant time invested in prosecuting the case to date to obtain the partial result justify the fee. (*Id.*).

The cost of negligent security cases is often may multiples compared to other personal injury. It is rare to see more than $100,000.00 in case expenses in an auto cases or slip and fall cases. Negligent security cases

like this one are more akin to product liability and medial malpractice cases in terms of expenses and other factors.

The State Court of Dekalb County approved a 40% contingency fee for Rafi Law Firm on a $6,000,000.00 policy limits settlement in another negligent security case, *Jenkins v. West Place Holdings.* (Motion and Order from *Jenkins* attached as Exhibit 3*). Jenkins* was not litigated nearly as extensively as the present case and resolved after approximately 8 months of litigation—that case settled after the defendant defaulted and before written discovery.

More recently, the State Court of Fulton County approved a 45% contingency fee for Rafi Law Firm for personal injury work in the underlying matter and an additional 5.5 % attorney fee for the Summerville Firm for appellate work in the case of *Rosebud v. Khalia*, which was a gas station shooting case. (Order attached as Exhibit 4). Even though *Rosebud* was tried to a jury verdict, Rafi Law Firm has invested significantly more time to date in the present matter, due to the number of depositions, the amount of investigative work required, and the substantial motion practice that has taken place to date, the latter of which the Court is extremely well acquainted with. This is by no means a straightforward case, not only does it present unique and difficult legal

issues related to the evolving area of negligent security law in Georgia, it has also required extensive investigative work and motion practice to uncover Defendant's discovery abuses and withheld documents.

In the Court's Order Denying Approval of the Partial Settlement [Doc No. 178] the Court cited a Daily Report article concerning *In re Estate of Melando Moore*, where Plaintiffs' Counsel sought and obtained a 35% attorneys' fee in a negligent security case. Importantly, that case resolved at the pre-suit demand stage before litigation commenced. Further, that case did not pose the unique challenges present here:

Mr. Moore was unquestionably an invitee because he resided at the apartment complex where he was killed; whereas here, Ms. Frazier was not a resident and there was a fact issue as to whether she was an invitee (Defendant would later defend specifically on these grounds).

At the time Plaintiffs' counsel took on the *Moore* case, there was more available information about that apartment complex's knowledge of prior crimes and dangerous activity, causing the foreseeability analysis to be much easier than in the case at bar.

Mr. Moore's life made for a stronger and more straightforward damages case, as he did not suffer from or incur the same types of challenges that Ms. Frazier faced during her life. Defendant in this case is

still challenging the veracity of Plaintiffs' lawsuit, claiming that because of Ms. Frazier's life obstacles, her life is not worth more than $1,000,000.

b.      The contingency fee continues to be 45%. It seems highly likely Plaintiffs' counsel will be tasked with trying this case to a jury, handling future appeals, and continuing to aid in the declaratory judgment action, for which Plaintiffs' counsel is not seeking any additional attorneys' fees. Plaintiffs' counsel will continue to incur substantial costs in the underlying case, primarily expert testimony, and in funding the declaratory judgment action.

c.      Plaintiffs' counsel anticipates substantial future costs, but is not seeking to hold back any of those expenses.

d.      The Expense Report is now outdated, and Plaintiffs refer the Court to Exhibit 1.

   i.      The SunTrust (now Truist) expenses are for interest incurred by Plaintiff's counsel at cost. The interest has naturally increased as expenses have increased.

   ii.     Explanation of specific expenses:

      1.      Brannon Napier is an attorney in Atlanta, Georgia who created the Estate of Mr. Frazier.

2. This is payment for an open records request to DeKalb County Police Department.

3. This is payment for an open records request to the DeKalb County District Attorney.

4. This is the initial filing fee for this case in state court.

5. This is payment to Plaintiffs' apartment management expert, Paul Kastes.

6. This is payment to Plaintiffs' apartment management expert, Paul Kastes.

Question 11 asked about the trust, which has been rendered moot.

Questions 12 and 13 asked why Ms. McClain listed herself as Julian and Isaiah Frazier's "MOM."

*Answer*: Ms. McClain has been in custody of the children since shortly after their birth and they refer to her as mom. She is now their legal guardian.

Question 14 does not relate to the minor children.

Question 15 asked whether government assistance for the children would be jeopardized by instituting a trust, and this issue is now moot.

In the Court's Order Denying Approval of the Partial Settlement [Doc No. 178], the Court raised certain concerns. Concern 1 referred to Plaintiffs seeking to bypass Wake Court Probate Court, and that issue has

been resolved. Concern 2 did not involve the minor children. Concern 3 and 4 related to the trust, which is now moot. Concern 5 questioned the 45% attorneys' fee, and Plaintiffs has incorporated additional information to address the Court's concern in the response to Question 1 above. Concern 6 involves the trust, which is now moot.

Submitted on August 28, 2023, by:

*M. Rafi*

| | |
|---|---|
| **Rafi Law Firm LLC** | Michael T. Rafi |
| 1776 Peachtree Road NW | Georgia Bar No. 127670 |
| Suite 423-South | Alexander J. Brown |
| Atlanta, GA 30309 | Georgia Bar No. 532112 |
| 404-800-9933 | |
| 470-344-3425 fax | |
| mike@rafilawfirm.com | |
| brown@rafilawfirm.com | **Attorneys for Plaintiffs** |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Mildred Collins-Williams as administrator of the estate of Tijuana Frazier and as guardian and next friend of Quanisha Holt, a minor, and Pebbles McClain as guardian and next friend of Julian Frazier and Isaiah Frazier**,<br><br>Plaintiffs,<br><br>v.<br><br>**Contour Eastwyck LLC**,<br><br>Defendant. | Case No.<br>1:20-CV-03129-CAP<br><br><br><br><br><br><br><br><br><br>**Plaintiffs' Certificate of Service** |

This is to certify that I have this day filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

Frederick N. Sager, Jr.
John M. Hawkins
Alexander H. Heydemann
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Rd., Suite 2400
Atlanta, Georgia 30326
rsager@wwhgd.com
jhawkins@wwhgd.com
aheydemann@wwhgd.com
*Attorneys for Contour Eastwyck, LLC*

[Signature on following page]

Submitted on August 28, 2023, by:

*M. Rafi*

**Rafi Law Firm LLC**  Michael T. Rafi
1776 Peachtree Road NW  Georgia Bar No. 127670
Suite 423-South  Alexander J. Brown
Atlanta, GA 30309  Georgia Bar No. 532112
404-800-9933
470-344-3425 fax
mike@rafilawfirm.com
brown@rafilawfirm.com  **Attorneys for Plaintiffs**