## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **Tiffiney Jenkins, as Administrator of the Estate of Larry Grigsby, Jr. and as Natural Guardian and Next Friend of E.G. and A.G., minors**, | Case No. 17-A-65909 |
| Plaintiffs, | |
| v. | |
| **West Place Holdings, LLC d/b/a West Chase Apartments and LK Management, LLC**, | **Joint Motion to Approve Settlement Involving Minors** |
| Defendants. | |

The Parties have agreed to a $6,000,000.00 policy-limits settlement, and respectfully ask the Court to approve the settlement.

1. On July 31, 2016, Larry Grigsby, Jr. was shot and killed at 7200 Six Flags Parkway, Austell, Georgia ("the Premises").

2. West Place Holdings, LLC owned the Premises, and LK Management, LLC managed the Premises.

3. Larry Grigsby Jr. was unmarried at the time of his death. E.G. and A.G. are Larry Grigsby Jr.'s only children.

4. Under O.C.G.A. § 51-4-2, Plaintiffs E.G. and A.G. share equally in any proceeds from this wrongful death case.

5. The Parties have agreed to settle this claim, given the risk to both Parties for a jury verdict of either more or less of the settlement amount.

6. The Parties have agreed to the Release and Settlement, attached as Exhibit 1.

7. Upon approval of this settlement, E.G. and A.G. will dismiss their claims against Defendants with prejudice.

8. The settlement terms require Court approval, because Plaintiff is a minor and the proceeds from the wrongful death claim exceed $15,000.00. O.C.G.A. § 29-3-3(e).

9. The amount of the settlement is $6,000,000.00, with $3,000,000.00 for E.G.'s benefit and $3,000,000.00 for A.G.'s benefit.

Copy from re:SearchGA

10.   Plaintiffs' Counsel took this case on a 40% contingency fee (Contingency Fee Agreement, attached as Exhibit 2).

11.   The attorneys' fees in this case are reasonable and customary for the following reasons:

11.1.   The difficult and complex nature of negligent security cases.

11.2.   The risk of time, money, and energy associated with a negligent security case like this one.

11.3.   The skill, experience, and reputation of Plaintiff's lead counsel, who specializes in negligent security cases and wrongful death cases like this one.

11.4.   The work prepared by Plaintiffs' Counsel, which included:

11.4.1.   Investigating Mr. Grigsby's shooting

11.4.2.   Identifying, locating, and speaking with police, witnesses, residents who live at the Premises, and Defendants' former employees

11.4.3.   Obtaining police documents concerning the shooting

11.4.4.   Obtaining statements from witnesses and Defendants' former employees

11.4.5.   Drafting, filing, and serving the Complaint and Amended Complaint

11.4.6.   Propounding and answering written discovery, including correspondence pursuant to USCR 6.4(b)

11.4.7.   Legal research regarding important issues in the case

11.4.8.   Preparing and serving non-party requests and subpoenas for documents to third-parties

11.4.9.   Appearing before the Court regarding Cobb County's Motion to Quash Plaintiffs' and Defendants' subpoenas

11.4.10.   Drafting Plaintiffs' Motion to Strike Defendants' Answer for Destruction of Evidence

11.4.11.   Drafting Plaintiffs' time-limited policy-limits demand to Defendants, which included an Affidavit of No Other Insurance and Release and Settlement Agreement

11.4.12.   Drafting this Motion

Copy from re:SearchGA

11.4.13.  Upon the Court's approval of this Settlement, Plaintiffs' Counsel will file a motion to dismiss this lawsuit.

11.4.14.  Researching, coordinating, and meetings with Plaintiffs' Guardian and settlement planning experts to help best utilize the settlement proceeds to benefit E.G. and A.G.

11.4.15.  The results obtained by Plaintiffs' Counsel—given the difficult liability issues, the settlement is a favorable result for E.G. and A.G.

11.5.  The reimbursable case expenses total $1,069.81. All case expenses were in furtherance of the case and were reasonable and necessary.

11.6.  Plaintiffs wish to accept the Defendants' offer to pay future periodic payments to the minors, for which Court approval is necessary. O.C.G.A. § 29-3-3(h).

11.7.  The full details and terms of the periodic payments are outlined in the Release and Settlement, and a summary has been provided to the Cobb County Probate Court, titled "Disclosures Regarding Structured Settlement," attached as Exhibits 3 & 4.

11.8.  The remaining funds (i.e., the funds that will *not* be structured), shall be placed into settlement preservation trusts for E.G. and A.G. as outlined in the Distribution Statements. Exhibit 5 is the distribution statement for E.G.; Exhibit 6 is the distribution statement for A.G.

11.9.  Tiffiney Jenkins, in her capacity as conservator for A.G. and E.G., is petitioning the Probate Court of Cobb County for powers to compromise the claims of E.G. and A.G. which are pending before this Court and to establish the A.G. Settlement Preservation Trust and the E.G. Settlement Preservation Trust (the "Trusts"). The Trusts shall be administered for the benefit of E.G. and A.G. by a professional fiduciary upon such terms as are approved by the Probate Court of Cobb County, Georgia.

11.10.  The Parties agree the settlement of this case and the disbursement proposals described herein are in the best interests of E.G. and A.G.

11.11.  The Parties respectfully request the Court to approve the Settlement. An Order Approving Settlement is attached for the Court's convenience.

Copy from re:SearchGA

Submitted on April 23, 2018, by:

**Attorney for Plaintiffs:**



**Rafi Law Firm LLC**
Michael T. Rafi
Georgia Bar No. 127670
1201 West Peachtree Street NW
Suite 2319
Atlanta, GA 30309
404-800-9933
470-344-3425 fax
mike@rafilawfirm.com

**Attorney for West Place Holdings, LLC d/b/a West Chase Apartments and LK Management, LLC:**

*/s/ Wayne S. Melnick*
Wayne S. Melnick (signed by MTR with express permission)
Georgia Bar No. 501267
Jacob E. Daly
Georgia Bar No. 203723
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
770-818-0000
770-937-9960 fax

STATE COURT OF
DEKALB COUNTY, GA.
4/23/2018 10:07 AM
E-FILED
BY: MARIVIC BOVARD

Copy from re:SearchGA

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **Tiffiney Jenkins, as Administrator of the Estate of Larry Grigsby, Jr. and as Natural Guardian and Next Friend of E.G. and A.G., minors**, | Case No. 17-A-65909 |
| Plaintiff, | |
| v. | |
| **West Place Holdings, LLC d/b/a West Chase Apartments and LK Management, LLC,** | **Order Granting Parties' Joint Motion to Approve Settlement Involving Minors** |
| Defendants. | |

This matter is before the Court on the parties' Joint Motion for Approval of Settlement Involving Minors. After reading and considering the Parties' Joint Motion to Approve Settlement Involving Minors, the Motion is hereby GRANTED and the distribution of settlement funds as set forth in the Joint Motion is APPROVED.

As outlined in the Joint Motion, Plaintiffs are ordered to take all steps necessary to establish the E.G. Settlement Preservation Trust and the A.G. Settlement Preservation Trust upon such terms as are approved by the Probate Court of Cobb County, Georgia.

SO ORDERED this _____ day of _____, 2018.

_____
Dax E. Lopez, Judge
State Court of DeKalb County

Copy from re:SearchGA

# EXBHIBIT 1

Copy from re:SearchGA

## RELEASE AND SETTLEMENT AGREEMENT

For and in consideration of the sum of $6,000,000.00 (Six Million Dollars and Zero Cents), the receipt, reasonableness and sufficiency of which is hereby acknowledged, the undersigned, Tiffiney Jenkins, as administrator of the Estate of Larry Grigsby, Jr. and as natural guardian and next friend of E.G. and A.G., their heirs, executors, administrators, successors and assigns ("Releasors"), does hereby release, remise and forever acquit West Place Holdings, LLC and LK Management, LLC ("Releasees") from any and all claims, demands, actions and causes of action, including, but not limited to, those pleaded or which might have been pleaded arising out of the shooting and wrongful death of Larry Grigsby on July 30/31, 2016 at 7200 Six Flags Dr., Austell, GA ("the Incident").

The undersigned further warrants and agrees that this Release shall include all claims, demands, rights, and causes of action of whatever kind or nature, arising from and by reason of any known or unknown consequences, foreseen and unforeseen, for bodily and personal injuries, wrongful death, pain and suffering, loss of use and disfigurement, mental and physical damages and the consequences thereof, including, but not limited to, injuries received and damages incurred as a result of negligence and/or intentional acts, and the consequences thereof, and any and all claims and causes of action under any theory of recovery whether for compensation or punitive damages, all past, present, or future claims, rights, damages, costs, loss of services, loss of consortium, loss of earnings, lost wages, travel expenses for seeking medical treatment, diminishment of earning capacity, hospital, medical, drug, financial, physical therapy, expenses, claims for interest and/or attorney's fees, and all other expenses and compensation of any nature whatsoever, including, but not limited to all claims and causes of action set forth or which could have been set forth.

The undersigned understands and agrees that the Releasees specifically deny and dispute legal liability and damages, and the undersigned warrants that no promise or inducement has been offered except as herein set forth. It is further

Copy from re:SearchGA

understood and agreed that the payment of the amount noted herein is not to be construed as an admission of liability on the part of Releasees, but that said payment is in compromise and settlement of the claim of Tiffiney Jenkins, as administrator of the Estate of Larry Grigsby, Jr. and as natural guardian and next friend of E.G. and A.G. as a result of Larry Grigsby Jr.'s shooting and wrongful death, which are not admitted, but which are denied and disputed by Releasees. The undersigned agrees as further consideration and inducement for this compromise and settlement that it shall apply to all injuries allegedly suffered as a result of the Incident, including injuries currently unknown and unanticipated, as well as those heretofore disclosed.

In further consideration of the aforesaid payment, Releasors do hereby promise that they will not ever maintain or assert any action against Releasees, or any person set forth in the description of the Releasees, for any matters whatsoever arising out of the Incident.

The settlement funds constitute payment for lost wages and pain and suffering and do not include payment for medical bills. Releasors have not been made whole, and accordingly payment does not cover all of the economic and noneconomic losses incurred by Larry Grigsby, Jr. and his Estate, nor is it to be construed as full and complete compensation to Larry Grigsby, Jr. and his Estate. Payment by Releasees to Releasors constitutes payment for sickness or injury within meaning of Internal Revenue Code.

Releasors agree to pay and satisfy any and all valid and enforceable liens, subrogation claims, or other claims of recovery rights, hospital, health and any other valid liens of any kind for past, existing, and future, known or unknown amounts, arising out of or relating to Releasors' claims. Releasors agree to defend, indemnify and hold harmless the Releasees, Freeman Mathis & Gary, LLP, ProSight Syndicate 1110, and Great American Alliance Insurance Company from any and all claims, suits, demands, liabilities, costs, and attorney fees arising from any liens, subrogation claims, or other claims of recovery rights, past and future,

Copy from re:SearchGA

known and unknown, hospital, health and any other valid liens of any kind arising out of or relating to the undersigned's claims, with indemnification not to exceed amount of settlement less fees and costs.

Pursuant to O.C.G.A. § 33-7-12, the undersigned understands and agrees that this settlement is being made by the insurer for its insured, and that it admits no liability to the undersigned or to any other, shall not be stopped or otherwise barred from asserting, and expressly reserve the right to assert, any claim or cause of action said Releasees may have against the undersigned or others.

The undersigned represents and warrants that no other person or entity has or has had an interest in the claims, demands, obligations, or causes of action referred to in this Agreement and the undersigned has the sole right and exclusive authority to execute this Agreement and receive the sums specified in this Agreement; and that the undersigned has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Agreement.

This Agreement was arrived at after thorough bargaining and negotiations, with the Parties having been represented by their respective attorneys throughout said bargaining and negotiations.

This Agreement contains the entire agreement and understanding of the Parties with respect to the settlement of those claims and potential claims provided for herein, supersedes all prior agreements, arrangements, and understandings relating to the subject matter of this Agreement, and is binding upon the Parties and their agents, representatives, successors, assigns, and heirs.

This Agreement shall be construed and interpreted in accordance with the laws of the State of Georgia and without giving effect to the principles of conflicts of laws.

The undersigned states the facts set forth in the above and foregoing Agreement are true and correct, understands the contents of this Agreement, and executes this Agreement voluntarily for the sole consideration herein expressed.

Copy from re:SearchGA

In further consideration of the aforesaid payment, Releasors hereby authorize and direct their counsel to dismiss with prejudice any claims currently pending against Releasee, including the case of Tiffiney Jenkins, as administrator of the Estate of Larry Grigsby, Jr. and as natural guardian and next friend of E.G. and A.G., minors, State Court of DeKalb County, civil action number 17-A-65909 and promises they will never maintain or assert any action against Releasees, or any person set forth in the description of the Releasees, for any matters whatsoever arising out of the Incident.

Copy from re:SearchGA

All parties      agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

Signed on _____, _____, 2018

_____

Tiffiney Jenkins, as administrator of the Estate of Larry Grigsby, Jr. and as natural guardian and next friend of E.G. and A.G.,

Sworn to and subscribed before me

this _____ day of _____, 2018.

_____

Notary Public

Copy from re:SearchGA

# EXBHIBIT 2

Copy from re:SearchGA

# CONTINGENCY FEE AGREEMENT FOR LEGAL SERVICES

CLIENT: <u>Tiffiney Jenkins, as Administrator of the Estate of Larry Grigsby, and as Natural</u>
<u>Guardian and Next Friend of Elijah and Alisha Grig</u>sby     TODAY'S DATE: <u>March 20, 2017</u>
CASE TYPE: <u>Negligent Security</u>          INCIDENT DATE:<u>                    </u>

<u>LEGAL REPRESENTATION</u>:  I ("Client") hire RAFI LAW FIRM LLC ("Rafi Law") to pursue a claim for personal bodily injuries and other damages arising from the incident on the above date. Client authorizes Rafi Law to pursue all available sources of recovery as Rafi Law deems necessary.

This representation does not include appellate practice, lien resolution, probate matters, trust matters, or other specialized legal services beyond litigating the claims indicated above. If these services are necessary, additional fees will be charged commensurate with the work provided. This work may be provided in-house or by referral to other counsel at Rafi Law's discretion. The cost of these services shall be the separate responsibility of Client. Attorneys shall have a security interest and life for all fees.

<u>ATTORNEY FEES</u>: Rafi Law will receive 40% of the gross amount of the total recovery prior to filing a lawsuit. Rafi Law will receive 40% of the gross amount of the total recovery after filing a lawsuit. **If no money is recovered, Client will owe Rafi Law no attorney fees.**

<u>COSTS AND EXPENSES</u>: All costs and expenses related to the case will be advanced by Rafi Law. Client agrees to reimburse Rafi Law, directly from any recovery received, all costs and expenses incurred in investigating and pursing claims under the representation. These expenses may include, but are not limited to, court filing fees, costs associated with locating and researching witnesses, travel, court reporters, postage, obtaining medical records, and expert witness fees. Services may be performed in-house (charged at prevailing market rates) or outsourced to a third-party vendor (charged at cost without markup), and Client agrees to reimburse Rafi Law for interest incurred on all expenses advanced. **If no money is recovered, Client will owe Rafi Law no costs or expenses.**

<u>RIGHT TO ASSOCIATE COUNSEL</u>: Client agrees Rafi Law may associate other counsel to assist in this representation. If other counsel is associated, Client agrees Rafi Law may divide the total attorney fees based on the sole judgment of Rafi Law without further notice to or consent of Client, so long as such division of fees is in accord with rules governing attorney conduct.

<u>LIEN RESOLUTION</u>: Client understands if medical care was paid for by Medicare, Medicaid, or private health insurance plans, these entities may have rights of reimbursement or subrogation or other lien rights against the proceeds of Client's lawsuit. Addressing these matters is a highly specialized legal task that is outside the scope of this representation. Client agrees Rafi Law may, at Rafi Law's sole discretion, retain specialized counsel or case workers to do what is necessary to resolve these matters. The expense of any such service shall be treated as a case expense and not a reduction of contingent fees.

<u>COOPERATION</u>: Client agrees to cooperate with Rafi Law in pursuit of this claim, including being available for consultation, investigation, deposition, trial preparation, and other necessary work Rafi Law directs. Client agrees to fully and truthfully disclose all pertinent facts. Client will notify Rafi Law if Client moves or changes contact information.

Copy from re:SearchGA

## TERMINATION

This agreement is being entered into before this matter can be fully investigated an evaluated. Client agrees that Rafi Law may withdraw from this representation at any time in the event Attorneys determine in their opinion, the chances for a successful outcome do not justify proceeding further.

This agreement may be terminated at will at any time by either party upon written notification. If Client terminates this agreement, all unpaid costs and expenses shall immediately become due and payable. Unpaid balances may continue to accrue interest until paid in full, and Client will be responsible for such costs. Further, Client shall owe Rafi Law for services rendered before the date of termination. If termination occurs with an offer pending, or after settlement or verdict, Rafi Law shall be entitled to its full percentage of the recovery as provided in the attorney fee section above, it being agreed that those fees were earned. If termination occurs with no offer pending and there has been no settlement or verdict, Rafi Law may elect to charge a reasonable percentage based upon the amount of work performed or may elect to payment based upon the time devoted to the case at an hourly rate of $350.00 for attorneys and $100.00 for support staff. In the event of termination under any and all circumstances, Client grants Rafi Law a lien and security interest against any proceeds for all unpaid costs, expenses, and fees.

## ADDITIONAL PROVISIONS

Client appoints Rafi Law Firm LLC as Client's agent and attorney with authority to execute all receipts and releases, endorse all checks, drafts, and instruments in Client's name(s) necessary to effect settlement, and Client confirms all said actions of Rafi Law Firm LLC.

Client authorizes Rafi Law to file suit at any time when Rafi Law, in its sole discretion, determine it is in the best interest of the case.

Client authorizes Rafi Law to speak to the media at any time for any purpose regarding the case.

Client understands Rafi Law has no tax professionals and cannot give tax advice.

Client agrees that 1 year after complete of the case, Rafi Law may discard file materials related to this representation. Accordingly, after 1 year, file materials may not be available from Rafi Law.

Client has read this agreement, understands it, and any questions have been answered to Client's satisfaction.


Tiffiney Jenkins
CLIENT

M. Rafi
RAFI LAW FIRM LLC


7-29-1980
CLIENT DATE OF BIRTH


678-467-6907
CLIENT PHONE NUMBER


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
CLIENT SOCIAL SECURITY NUMBER


Contingency Fee Agreement for Legal Services: page **2** of **2**

Copy from re:SearchGA

# EXBHIBIT 3

Copy from re:SearchGA

# IN THE PROBATE COURT
## COUNTY OF COBB
## STATE OF GEORGIA

IN RE: ESTATE OF )
)   ESTATE NO. _____
ELIJAH GRIGSBY, )
MINOR. )

### DISCLOSURES REGARDING STRUCTURED SETTLEMENT

1. Total Cost of Structured Settlement: $499,786.40
2. This Structured Settlement is being funded by: Great American Alliance Insurance Company

3. This Structured Settlement is purchased through the following:

   Annuity Issuer: Metropolitan Tower Life Insurance Company, 200 Park Avenue, New York, NY 10166-0188.

   Assignment Company: MetLife Assignment Company, Inc., 200 Park Avenue, New York, NY 10166-0188.

4. Annuity Terms:

   a. Total payout over life of annuity: $580,000.00

   b. Amount GUARANTEED: $580,000.00

   c. Do payments terminate at death: No

   d. Payments:

      Payable to Elijah Grigsby Settlement Preservation Trust

      $2,500 per Month, guaranteed 14 years, beginning on July 1, 2018. The last payment will be made on June 1, 2032.

      $20,000 Annually, guaranteed 8 years, beginning on April 1, 2019. The last payment will be made on April 1, 2026.

NOTE: THE ESTATE OF THE MINOR IS THE NAMED BENEFICIARY TO RECEIVE ANY GUARANTEED PAYMENTS THAT WILL BE PAID AFTER THE DEATH OF THE MINOR. The Petitioner(s) may NOT name himself/herself/themselves as the beneficiary(ies) of any assets paid after the death of the minor.

5. List any amounts attorneys will receive AFTER INITIAL SETTLEMENT, if any:
   a. _____ date _____
   b. _____ date _____

GPCSF 19                              1                         Eff. July 2015

Copy from re:SearchGA

6. Name, address, and telephone number of company underwriting the annuity:

>Name: Metropolitan Tower Life Insurance Company
>Address: 200 Park Avenue, New York, NY 10166-0188
>Telephone: 212-578-2211

7. The company is rated through A.M. BEST and has a rating of A+ XV.

8. The Petitioner(s) has/have made an investigation into the facts of this case and the circumstances of the minor and determined that the structured settlement is in the best interest of the minor.

_____
Signature of First Petitioner

Name:
Address:
Phone:

Signature of agent of annuity provider: _____

Typed/printed name of agent:     Spooner Phillips, Forge Consulting

Address:     11 Depot Street, Hartwell, GA 30643

Telephone number:     706-856-2535

Exhibit "_____"

Copy from re:SearchGA

# EXBHIBIT 4

Copy from re:SearchGA

**IN THE PROBATE COURT**
**COUNTY OF COBB**
**STATE OF GEORGIA**

IN RE: ESTATE OF )
)  ESTATE NO. _____
ALISHA GRIGSBY, )
 MINOR. )

**DISCLOSURES REGARDING STRUCTURED SETTLEMENT**

1. Total Cost of Structured Settlement: $541,226.55
2. This Structured Settlement is being funded by: Great American Alliance Insurance Company

3. This Structured Settlement is purchased through the following:

   Annuity Issuer: Metropolitan Tower Life Insurance Company, 200 Park Avenue, New York, NY 10166-0188.

   Assignment Company: MetLife Assignment Company, Inc., 200 Park Avenue, New York, NY 10166-0188.

4. Annuity Terms:

   a. Total payout over life of annuity: $642,500.00

   b. Amount GUARANTEED: $642,500.00

   c. Do payments terminate at death: No

   d. Payments:

      Payable to Alisha Grigsby Settlement Preservation Trust

      $2,500 per Month, guaranteed 15 years and 5 months, beginning on July 1, 2018. The last payment will be made on November 1, 2033.

      $20,000 Annually, guaranteed 9 years, beginning on April 1, 2019. The last payment will be made on April 1, 2027.

NOTE: THE ESTATE OF THE MINOR IS THE NAMED BENEFICIARY TO RECEIVE ANY GUARANTEED PAYMENTS THAT WILL BE PAID AFTER THE DEATH OF THE MINOR. The Petitioner(s) may NOT name himself/herself/themselves as the beneficiary(ies) of any assets paid after the death of the minor.

5. List any amounts attorneys will receive AFTER INITIAL SETTLEMENT, if any:
   a. _____ date _____
   b. _____ date _____

GPCSF 19                                   1                        Eff. July 2015

Copy from re:SearchGA

6. Name, address, and telephone number of company underwriting the annuity:

      Name: Metropolitan Tower Life Insurance Company
      Address: 200 Park Avenue, New York, NY 10166-0188
      Telephone: 212-578-2211

7. The company is rated through A.M. BEST and has a rating of A+ XV.

8. The Petitioner(s) has/have made an investigation into the facts of this case and the circumstances of the minor and determined that the structured settlement is in the best interest of the minor.

_____
Signature of First Petitioner

Name:
Address:
Phone:

Signature of agent of annuity provider: _____

Typed/printed name of agent:     Spooner Phillips, Forge Consulting

Address:     11 Depot Street, Hartwell, GA 30643

Telephone number:     706-856-2535

Exhibit "_____"

GPCSF 19           2           Eff. July 2015

Copy from re:SearchGA

# EXBHIBIT 5

Copy from re:SearchGA

**E.G. Distribution Statement**

*Tiffiney Jenkins, as Administrator of the Estate of Larry Grigsby, Jr. and as Natural Guardian and Next Friend of E.G. and A.G. v. West Place Holdings, LLC d/b/a West Chase Apartments and LK Management, LLC,*

| | |
|---|---|
| **Gross Settlement Amount:** | **$3,000,000.00** |
| **Attorney's Fees:** | $1,200,000.00 |
| **Case Expenses:** | $1,069.81 |
| **Total Client Funds:** | **$1,798,930.19** |
| **Structure Amount:** | $499,786.40 |
| **Trust Amount:** | $1,299,143.79 |
| **Remaining Funds:** | **$0.00** |

The undersigned ("Client"), acknowledges receipt, review, and approval of this distribution statement on behalf of E.G.

Client acknowledges and agrees as follows:

1. Rafi Law Firm LLC advised me of the relative strengths and weaknesses of this case and the risks and potential benefits of proceeding to trial. After discussing all the risks and benefits with Rafi Law Firm LLC and others of Client's choosing, Client understand the risks and benefits and chose to settle the case without proceeding to trial.

2. Client is fully satisfied with the legal services and representation received from Rafi Law Firm LLC. Client is aware of the tremendous amount of work done on this case and the quality of the work. The results obtained exceeded Client's expectations.

3. Client agrees the attorney fees listed above are fair and reasonable under the circumstances and authorizes these fees to be paid directly from the Gross Settlement Amount as indicated.

4. Client is satisfied all expenses were properly incurred in pursuit of this case and for Client's benefit. Client authorizes the expenses to be reimbursed to the above-listed attorneys directly from the Gross Settlement Amount as indicated.

5. Client authorizes Rafi Law Firm LLC to withhold the amounts listed above (if any) and disperse remaining amounts (if any) to Client at a later date after all prerequisites to dispersing the funds are satisfied.

- 16 -

Copy from re:SearchGA

6. Rafi Law Firm LLC provided me with options regarding how I would receive the settlement funds. After considering the options and the risks, discussing them with professionals and others of Client's choosing, I chose to have the funds distributed as reflected above.

7. Client has and will rely upon Client's own tax professionals for all tax advice about this settlement. Client understands no taxes are being withheld on the proceeds of this settlement.

8. Client is responsible for paying all liens, medical bills, and other expenses, *not* listed above to be paid by Rafi law Firm LLC as listed above (if any).

9. Client authorizes Rafi Law Firm LLC to endorse all settlement checks and to deposit same into Rafi Law Firm LLC's escrow (IOLTA) account.

10. Client understands and approves the allocation of the funds as listed above.


This _____ day of _____, 2018.



_____
Tiffiney Jenkins, on behalf of E.G.

Copy from re:SearchGA

# EXBHIBIT 6

Copy from re:SearchGA

## A.G. Distribution Statement

*Tiffiney Jenkins, as Administrator of the Estate of Larry Grigsby, Jr. and as Natural Guardian and Next Friend of E.G. and A.G. v. West Place Holdings, LLC d/b/a West Chase Apartments and LK Management, LLC,*

| | |
|---|---:|
| **Gross Settlement Amount:** | **$3,000,000.00** |
| **Attorney's Fees:** | $1,200,000.00 |
| **Case Expenses:** | $1,069.81 |
| **Total Client Funds:** | **$1,798,930.19** |
| **Structure Amount:** | $541,226.55 |
| **Trust Amount:** | $1,257,703.64 |
| **Remaining Funds:** | **$0.00** |

The undersigned ("Client"), acknowledges receipt, review, and approval of this distribution statement on behalf of A.G.

Client acknowledges and agrees as follows:

11. Rafi Law Firm LLC advised me of the relative strengths and weaknesses of this case and the risks and potential benefits of proceeding to trial. After discussing all the risks and benefits with Rafi Law Firm LLC and others of Client's choosing, Client understand the risks and benefits and chose to settle the case without proceeding to trial.

12. Client is fully satisfied with the legal services and representation received from Rafi Law Firm LLC. Client is aware of the tremendous amount of work done on this case and the quality of the work. The results obtained exceeded Client's expectations.

13. Client agrees the attorney fees listed above are fair and reasonable under the circumstances and authorizes these fees to be paid directly from the Gross Settlement Amount as indicated.

14. Client is satisfied all expenses were properly incurred in pursuit of this case and for Client's benefit. Client authorizes the expenses to be reimbursed to the above-listed attorneys directly from the Gross Settlement Amount as indicated.

15. Client authorizes Rafi Law Firm LLC to withhold the amounts listed above (if any) and disperse remaining amounts (if any) to Client at a later date after all prerequisites to dispersing the funds are satisfied.

Copy from re:SearchGA

16. Rafi Law Firm LLC provided me with options regarding how I would receive the settlement funds. After considering the options and the risks, discussing them with professionals and others of Client's choosing, I chose to have the funds distributed as reflected above.

17. Client has and will rely upon Client's own tax professionals for all tax advice about this settlement. Client understands no taxes are being withheld on the proceeds of this settlement.

18. Client is responsible for paying all liens, medical bills, and other expenses, *not* listed above to be paid by Rafi law Firm LLC as listed above (if any).

19. Client authorizes Rafi Law Firm LLC to endorse all settlement checks and to deposit same into Rafi Law Firm LLC's escrow (IOLTA) account.

20. Client understands and approves the allocation of the funds as listed above.


This _____ day of _____, 2018.



_____
Tiffiney Jenkins, on behalf of E.G.

Copy from re:SearchGA

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **Tiffiney Jenkins, as Administrator of the Estate of Larry Grigsby, Jr. and as Natural Guardian and Next Friend of E.G. and A.G., minors**, | Case No. 17-A-65909 |
| Plaintiff, | |
| v. | |
| **West Place Holdings, LLC d/b/a West Chase Apartments and LK Management, LLC**, | **Certificate of Service** |
| Defendants. | |

This is to certify that I have this day served a copy of the within and foregoing pleading upon all interested parties by filing it through the Court's electronic filing system addressed to:

> Wayne S. Melnick
> Jacob E. Daly
> Freeman Mathis & Gary, LLP
> 100 Galleria Parkway, Suite 1600
> Atlanta, Georgia 30339-5948

Submitted on April 23, 2018, by:

M. Rafi

**Rafi Law Firm LLC**
1201 West Peachtree Street NW
Suite 2319
Atlanta, GA 30309
404-800-9933
470-344-3425 fax
mike@rafilawfirm.com

Michael T. Rafi
Georgia Bar No. 127670

**Attorney for Plaintiff**

Copy from re:SearchGA

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| Tiffiney Jenkins, as Administrator of the Estate of Larry Grigsby, Jr. and as Natural Guardian and Next Friend of E.G. and A.G., minors,<br><br>              Plaintiff,<br><br>v.<br><br>West Place Holdings, LLC d/b/a West Chase Apartments and LK Management, LLC,<br><br>              Defendants. | Case No.<br>17-A-65909<br><br><br><br><br><br><br>Order Granting Parties' Joint Motion to Approve Settlement Involving Minors |

This matter is before the Court on the parties' Joint Motion for Approval of Settlement Involving Minors. After reading and considering the Parties' Joint Motion to Approve Settlement Involving Minors, the Motion is hereby GRANTED and the distribution of settlement funds as set forth in the Joint Motion is APPROVED.

As outlined in the Joint Motion, Plaintiffs are ordered to take all steps necessary to establish the E.G. Settlement Preservation Trust and the A.G. Settlement Preservation Trust upon such terms as are approved by the Probate Court of Cobb County, Georgia.

SO ORDERED this 23rd day of April, 2018.

Dax E. Lopez, Judge
State Court of DeKalb County

STATE COURT OF
DEKALB COUNTY, GA.
4/23/2018 10:07 AM
E-FILED
BY: MARIVIC BOVARD

Copy from re:SearchGA