State Court of Fulton County
**E-FILED**
16EV001052
2/5/2021 11:03 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DANIEL ROSEBUD, | |
|     Plaintiff, | CIVIL ACTION FILE<br>NO. 16EV001052 |
| v. | |
| KHALIA, INC., | JUDGE BESSEN |
|     Defendant. | |

## ORDER ON ATTORNEYS' LIENS AND REQUESTS FOR DISBURSMENT

This case involved injuries suffered in a shooting at a gas station. Following a trial, jury returned a verdict of $1,384,922.89, and the Court ordered offer-in-judgment fees of $140,095.17 pursuant to OCGA § 9-11-68, for a total judgment of $1,525,874.06. The Court of Appeals affirmed both the judgment and the attorney fees order. The Court received the remittitur on October 6, 2020.

While the case was on appeal, Plaintiff fired his trial and appellate attorneys, specifically Darren Summerville, Anna Green Cross, and Michael Rafi, and is not pro se. These attorneys have now filed liens against the judgment for their fees and costs. Additionally, Plaintiff contracted with Principled Legal Funding, LLC ("Principled") to provide litigation expenses in the amount of $99,000.00. Interest on this amount continues to accrue, making the amount $171,262.00 as of February 5, 2021. Principled has moved to intervene pursuant to OCGA § 9-11-24(a)(2), and to be paid out of the judgment proceeds. Plaintiff, for his part, asks the Court to dismiss all liens and disburse the funds to him.

**Principled Legal Funding's Loan**

On October 20, 2020 Khalia moved, unopposed, to deposit funds into the Registry. The Court granted that motion, and on November 13, 2020 Khalia deposited the full $1,527,000.66 judgment. As noted, Principled has moved to intervene and to be repaid from the judgment, proving both its contracts with Plaintiff and its entitlement to payment. Plaintiff responds that attorney Rafi, not he, owes this money because attorney Rafi pushed for him to take these loans.

Upon consideration, the Court GRANTS Principled's motion to intervene, and its claim of lien in the amount of $171,262.00. This amount should be paid out of the Court's registry *instanter*, directly to, and payable to, Principled's authorized representative, in person, or by mail to:

Jonathan E. Hawkins
Law Firm GC (Hawkins), LLC
3424 Peachtree Rd NE, Suite 1780
Atlanta, Georgia 30326.

**Attorney Liens on behalf of The Rafi Law Firm and The Summerville Firm**

In his brief, Plaintiff argued that this Court's OCGA § 9-11-68 fee award was a determination of what The Rafi Firm is owed as a matter of law, such that The Rafi Firm cannot receive additional funds from the award. Plaintiff also seems to be contending that because The Summerville Firm did not respond to a demand for billing records, it is estopped from recovering. In Court, Plaintiff argued that his contract with The Rafi Firm covered only part of this case rather than the whole case, and that The Summerville Firm should be paid by attorney Rafi.

Attorneys Rafi and Summerville filed a joint motion in response to Plaintiff's motions. They couch the current situation thusly:

> The dispute is a pointed one. Rosebud has asked, apparently, that after litigating for years; winning at trial; fighting off post-trial motions; adding additional winnings under OCGA § 9-11-68; prevailing at the Court of Appeals; fending off a Petition for Certiorari; and then, again, fending off further appellate motions, he should owe **no fee to his years-laboring attorneys,** because he fired them. … That's not how it works.

Plaintiff contractually agreed to a 45% contingency fee contract with trial counsel, The Rafi Firm. Pursuant to that contract, if Plaintiff terminated The Rafi Firm, he would immediately owe any out-of-pocket expenses as well as the full contingency. Plaintiff also agreed to pay The Summerville Firm, appellate counsel, on a 5.5% contingency. Termination of that firm would similarly result in Plaintiff owing either the hourly fees associated with Plaintiff's case, or the quantum meruit value of the firm's service, whichever was higher. Both of these contracts were admitted to by Plaintiff.

The Georgia Supreme Court denied Khalia's petition for certiorari, and Khalia moved for reconsideration. At this point, Plaintiff hired a third firm, Edmond, Lindsay, and Atkins, to handle the motion for reconsideration. Rather than enter an appearance, that firm, through attorney Roderick Edmond, convinced Plaintiff to rehire The Summerville Firm to oppose the motion for reconsideration. The Summerville Firm drafted a brief opposing the motion for reconsideration, but Plaintiff refused to use it. "Additionally, I'm not using your draft motion. Rod already explained he does not do appeals. I'll continue to be my own lawyer. I am not filing a response. If you put a lien in the court I will pay it no problem."

The Rafi and Summerville Firms are undoubtedly owed the full amount of fees agreed to in their attorney/client contracts, either by contract or in quantum meruit. The Supreme Court, in *Georgia Dept. of Corrections v. Couch,* 295 Ga. 469 (2014) differentiated between awarded fees

and contractual fees. *Couch* concerned a statutory award of fees under the same statute at issue in this case. The Supreme Court was careful to distinguish between fees owed by the plaintiff to his attorneys, and fees owed by the defendant to the plaintiff.

> The issue in this case is not when and to what extent Couch's attorneys were entitled to recover for their services *from Couch* according to their contract, but rather when and to what extent they performed services so that fees were incurred on Couch's behalf that he could recover *from the Department* according to OCGA § 9–11–68(b).

(Emphasis in original.) *Id.* at 486. Likewise, in this case Plaintiff owes fees to two sets of attorneys pursuant to contingency contracts. OCGA § 9-11-68 does not obviate those contracts. Instead, it is a statute designed to deter the opposing party from unnecessary litigation. *Smith v. Baptiste,* 287 Ga. 23, 29 (2010). Should Plaintiff's interpretation of OCGA § 9-11-68 prevail, counsel also make this excellent point: any attorney who sends a settlement demand letter would be cutting himself off from any earned fees. Recovery under that statute certainly cannot be used to cut off fees from appellate counsel, since it does not contemplate appellate work.

> Plaintiff's written position on The Summerville Firm's fees is, in its entirety:

> Furthermore, Plaintiff requested Darren Summerville, Appellate Attorney, furnish billing records pursuant to OCGA § 24-13-27.[1]

---

[1] This is the statute governing notices to produce in civil litigation. "Where a party desires to compel production of evidence in the possession, custody, or control of another party, in lieu of serving a subpoena under this article, the party desiring the production may serve a notice to produce upon counsel for the other party. Service may be perfected in accordance with Code Section 24-13-24, but no witness fees or mileage shall be allowed therefor. Such notices may be enforced in the manner prescribed by Code Section 24-13-26, and Code Section 24-13-23 shall also apply to such notices. The notice shall be in writing, signed by the party seeking production of the evidence, or the party's attorney, and shall be directed to the opposite party or his or her attorney"

> Plaintiff contends that Darren Summerville's lien for purported Attorney Fees are improper and unreasonable without detailing and itemizing hours and services rendered.

As counsel succinctly state, "There is so much wrong[ ] there." For one, the statute does not apply in this circumstances, but to discovery upon an opposing party. For another, assuming this request was properly made (it was contained in an email[2]), counsel's failure to fulfill it does not automatically result in a void attorney fees contract.

Both firms argue that they could contractually recover in quantum meruit, but are seeking contingency fees of 45% plus costs, and 5.5% respectively.

In summary, Rafi Law Firm and The Summerville Firm are entitled to the full amounts sought. As noted by the Court during oral argument, the work, particularly by attorney Rafi, was exemplary, as the case no only presented questionable legal issues, but also the trial judgment exceeded the amount of insurance coverage, and has been paid in full. Counsel's attorney liens are GRANTED, Plaintiff's motion to remove any and all claims or liens is DENIED, and Plaintiff's motion to disburse funds from Court Registry is GRANTED except for those fees and costs to which counsel are entitled, to wit: $686,643.33 in fees plus $12,932.10 in costs for Rafi Law Firm, and $83,923.07 in fees and $1075.13 in costs for The Summerville Firm. These funds are to be disbursed *instanter,* directly to and payable to, Rafi Law Firm and The Summerville Firm's representatives, in person, or by mail to:

| | |
|---|---|
| Rafi Law Firm, LLC | The Summerville Firm, LLC |
| 1776 Peachtree Street NW, Suite 423S | 1226 Ponce de Leon Avenue |
| Atlanta, Georgia 30309 | Atlanta, Georgia 30306 |

---

[2] Email from Plaintiff to attorney Darren Summerville, November 16, 2020 at 10:16 AM. "Summerville, Please send over records for billable hours. I want to ask for it after reading OCGA 24-13-27. When can you have those records to me?"

The balance of funds, aside from the amounts paid to Rafi Law Firm, The Summerville Firm, and Principled, is to be disbursed *instanter,* directly to Daniel Rosebud, in person, or by mail to:

>Daniel Rosebud
>400 Fairburn Rd SW
>Atlanta, Georgia 30331

**Satisfaction of Judgment**

At oral argument, counsel for Khalia requested that this Court deem the judgment satisfied, as he surmises that Plaintiff will not concede that point. Therefore, by virtue of this ruling, the Court deems the judgment SATISFIED.

This 5th day of February, 2021.

_____
Judge Diane E. Bessen
State Court of Fulton County

cc:
Served via eFileGA