IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MILDRED COLLINS-WILLIAMS as administrator of the estate of TIJUANA FRAZIER and as guardian and next friend of QUANISHA HOLT, and PEBBLES MCCLAIN as guardian and next friend of Julian Frazier and Isaiah Frazier,<br><br>Plaintiffs,<br><br>v.<br><br>CONTOUR EASTWYCK, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br><br>No. 1:20-cv-03129-SCJ |

ORDER

This matter is scheduled for jury trial on March 18, 2024. The Court held a pretrial conference on January 31, 2024, during which counsel for the Parties raised an issue with Plaintiff's Deposition Designations of Bennett Omalu, MD, and Defendant's objections thereto. Doc. No. [287], 14. The Court requested briefs by the Parties, and those have been filed. Doc. Nos. [324]; [326]. After review of the Parties' arguments, the Court issues the following ruling.

## I. AVAILABILITY OF THE WITNESS

At the pretrial conference, counsel for Plaintiffs stated that Dr. Omalu is unavailable to testify in person at the trial of this case because he resides in California and may be out of the country on the date of trial. Defendant apparently concedes that the witness is unavailable under Federal Rule of Civil Procedure 32(a)(4), which provides, "A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: . . . (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition . . ." Defendant, however, argues that unavailability of an expert does not require the Court to admit his deposition testimony automatically. To support this position, Defendant cites cases from outside the Eleventh Circuit. See Polys v. Trans-Colorado Airlines, Inc., 941 F.2d 1404, 1410 (10th Cir.1991); Carter-Wallace, Inc. v. Otte, 474 F.2d 529, 536-37 (2d Cir. 1972). Neither of these cases are procedurally similar to the circumstances of this case, and therefore, this Court is not persuaded by Defendant's authority. This Court finds Dr. Omalu to be unavailable to testify during the trial of this case.

## II. FOUNDATION

Next, Defendant contends that Plaintiffs' deposition designations do not include testimony sufficient to establish a proper foundation for Dr. Omalu's opinion on Tijuana Frazier's conscious pain and suffering. Scientific evidence or testimony must not only be relevant, but also reliable. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993). Under Federal Rule of Evidence 702 and Daubert, expert testimony is admissible if (1) the expert is qualified to testify competently, (2) the expert has used sufficiently reliable methodology in reaching a conclusion, and (3) the testimony will assist the trier of fact. See City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998).

Notably, Dr. Omalu was put forth as an expert witness by Defendant. Furthermore, the deposition designations include the witness's extensive education and research background in forensic pathology. Doc. No. [322-1], 18:2–20:18. Therefore, the Court finds Dr. Omalu is qualified to testify competently.

Next, Dr. Omalu opined that Ms. Frazier experienced conscious pain and suffering before she died. Doc. No. [322-1], 35:23–36:4. To explain this opinion, the witness testified in detail about the physical manifestations resulting from a bullet entering Ms. Frazier's body and how that translates to pain sensations

3

based on his knowledge of how the human body experiences pain. Id. at 37:5-40:21. He went on to explain that he reached his conclusion by first studying the patterns of trauma on Ms. Frazier's body and then applying his knowledge of scientifically accepted principles, physiology, and biochemistry of trauma and pain. Id., 41:8-23. This testimony is sufficient for the Court to find that Dr. Omalu's opinion was reached through reliable methodology.

Finally, the Court finds that Dr. Omalu's testimony on conscious pain and suffering will be helpful to the jury. This is so because the jury will be charged with determining whether to award damages, and if so, how much. Therefore, evidence that Ms. Frazier experienced pain and suffering—undoubtably an element of damages here—including the potential duration and severity of any pain that occurred as a result of a bullet entering her body will be helpful to the trier of fact in quantifying that element of damages.

Dr. Omalu's testimony, as designated by Plaintiffs, meets the requirements of Daubert and Rule 702. Therefore, those portions of his deposition are admissible at trial.

introduced to the jury only if Plaintiffs choose to admit his deposition. Accordingly, the Court finds no basis to instruct the jury regarding which party initially engaged Dr. Omalu.[1]

IT IS SO ORDERED this 16th day of February, 2024.

_____
HONORABLE STEVE C. JONES
United States District Judge

---

[1] The Court may revisit this conclusion if Defendant opens the door by referring to Dr. Omalu as "Plaintiff's expert."

7