UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MILDRED COLLIN-WILLIAMS as administrator of the estate of TIJUANA FRAZIER and as guardian and next friend of Quanisha Holt, a minor, and PEBBLES MCCLAIN as guardian and next friend of Julian Frazier and Isaiah Frazier, minors, <br><br> Plaintiffs, <br><br> v. <br><br> CONTOUR EASTWYCK, LLC, <br><br> Defendant. | CIVIL ACTION NO. <br><br> 1:20-CV-3129-CAP |

## O R D E R

This action is scheduled for jury trial beginning March 18, 2024 before the undersigned. Along with the Proposed Pretrial Order, Defendant submitted a trial brief addressing certain legal questions. Doc. No. [320], 60–68 The only issue with which Plaintiffs disagree pertains to availability of punitive damages in relation to the Estate's survival claim. See Doc. No. [331].

Defendant is correct that punitive damages are recoverable only in connection with the Estate's survival claim (and not in relation to the wrongful death claim brought by the decedent's children). However, in this case, the Estate maintains a claim for funeral expenses in addition to pain and suffering. Punitive damages may be awarded in connection with injuries suffered by the deceased.

See <u>Donson Nursing Facilities v. Dixon</u>, 176 Ga. App. 700, 701, 337 S.E.2d 351, 353 (1985). Therefore, the Estate may pursue punitive damages if it receives an award of damages for funeral expenses, i.e., an injury. This is so even if the jury does not award damages for the decedent's pain and suffering.

The Parties are reminded that this Court has trifurcated this trial. Therefore, the issue of punitive damages may not be raised in argument or during direct and cross examination until the trial reaches the second phase.

SO ORDERED this 13th day of March, 2024.

_____
STEVE C. JONES
United States District Judge